UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK, N.A.,
Plaintiff,

v.

ANTHONY CONTRERAS,
Defendant.

Case No. 26-cv-04281-LJC

**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR ORDER TO SERVE SUMMONS AND COMPLAINT UPON DEFENDANTS VIA PUBLICATION**

Re: Dkt. No. 12

Plaintiff JPMorgan Chase Bank, N.A.'s (Chase) has filed an Application for Order to Serve Summons and Complaint Upon Defendants via Publication (Application). ECF No. 12. The Application seeks leave to serve Defendant Anthony Contreras by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50. Having considered the Application and its supporting declaration, and the relevant authorities, the Application is DENIED WITHOUT PREJUDICE.

Service by publication is permitted only when the plaintiff establishes that the defendant "cannot with reasonable diligence be served in another manner" authorized by statute. Cal. Code Civ. Proc. § 415.50(a). Reasonable diligence requires a "thorough, systematic investigation and inquiry conducted in good faith." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). The inquiry is whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Zhang v. Shi*, No. 26-CV-01777-VKD, 2026 WL 2126441 (N.D. Cal. July 23, 2026). "[L]ikely sources of information," such as "inquiry of relatives, friends, and acquaintances, or of [defendant's] employer, and . . . investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the

United States District Court
Northern District of California

assessor's office, near the defendant's last known location . . . must be searched before resorting to service by publication." *Kott v. Super. Ct.*, 45 Cal. App.4th 1126, 1137 (Cal. Ct. App. 1996); *see also Millennium Franchise Grp., LLC v. Perminter*, No. 21-CV-08684-CRB, 2023 WL 2311972, at *2 (N.D. Cal. Feb. 28, 2023) ("Millennium has not demonstrated that Aric D. 'cannot with reasonable diligence be served in another manner specified in [Cal. Code Civ. Proc. § 415.50(a)].' For example, service by mail at the Pittsburgh address could have resulted in the summons being forwarded to Aric D.'s current address, or Millennium could have obtained the forwarding address.").

Chase has documented numerous unsuccessful attempts at personal service across four addresses identified through an Accurint search. ECF No. 12-1 (Zuberi Decl.) ¶¶ 4–8, Exs. 1–5. Although these efforts are substantial, Plaintiff has not established that service cannot reasonably be accomplished through other available methods. In particular, Chase does not describe any attempt to serve Defendant by mail, explain whether its own customer records contain additional contact information, or otherwise establish that further efforts to locate and serve Defendant would be unavailing. Chase also has not adequately established through the Zuberi declaration that a cause of action exists against Defendant, as required by California Civil Code Section 415.50(a)(1). Though counsel declares that Defendant opened a checking account and agreed to its terms, the declaration itself does not establish that an overdraft occurred or that Defendant failed to satisfy a resulting obligation. Zuberi Decl. ¶ 2. *See Harris v. Cavasso*, 68 Cal. App. 3d 723, 726–27 (1977) (finding the supporting affidavit insufficient because it was "devoid of any facts from which the trial court could draw the conclusion that cause of action existed against Defendants"); *Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2–3 (N.D. Cal. Sept. 13, 2016) (requiring "independent evidentiary support in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.").

Accordingly, Chase's Application is DENIED WITHOUT PREJUDICE. Chase may file a renewed application supported by a declaration establishing the existence of a cause of action and describing its additional efforts to locate and serve Defendant, including consideration of service by mail and other reasonably available means. Any renewed application shall also explain why

the proposed newspaper is most likely to give Defendant actual notice.

The case management conference currently set for November 12, 2026 is CONTINUED to December 17, 2026. The case management conference statement is due December 10, 2026.

This order terminates ECF No. 12.

**IT IS SO ORDERED.**

Dated: November 11, 2026

LISA J. CISNEROS
United States Magistrate Judge